UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| NEIL JOHNSON, ) | Case No.: 4:09 CV1773 |
| ) | |
| Petitioner, ) | JUDGE SOLOMON OLIVER, JR. |
| ) | |
| v. ) | |
| ) | MEMORANDUM OF OPINION |
| J.T. SHARTLE, ) | AND ORDER |
| ) | |
| Respondent. ) | |

Before the court is *pro se* petitioner Neil Johnson's petition for writ of habeas corpus under 28 U.S.C. § 2241. Mr. Johnson is confined at the Federal Correctional Institute in Elkton, Ohio and names his custodian F.C.I. Elkton Warden J.T. Shartle as respondent.

*Background*

Mr. Johnson was indicted on December 21, 1993, in the United States District Court of Connecticut and charged with conspiracy to possess heroin with intent to distribute in violation of 21 U.S.C. § 846. After pleading not guilty, petitioner proceeded to trial where a jury found him guilty on March 28, 1994. The court imposed a 320-month sentence, followed by 8 years of supervised release on June 27, 1994. Mr. Johnson appealed from his judgment of conviction. His sentence was reversed on appeal and remanded to the District Court for a new trial on July 24, 1995. United States v. Rivera, 61 F.3d 131 (2d Cir. 1995).

Following a second trial, a jury returned a verdict finding petitioner guilty of conspiracy to possess with intent to distribute more than 100 grams of a mixture containing heroin,

in violation of 21 U.S.C. § 841(a)(1). Mr. Johnson objected to the findings in his presentence investigation report regarding the amount of heroin attributed to him and his operation. Mr. Johnson also challenged his sentence based on the impact caused by his December 1984 state conviction, for conspiracy to possess narcotics with intent to sell. He maintained that he had not made a knowing and intelligent waiver of his rights when he pleaded guilty in that case. The court found these objections not to be well taken, but departed downward and sentenced Mr. Johnson to 320 months, the same sentence he received after his first trial.

Mr. Johnson filed a timely appeal. He argued that the jury in this case was not selected from a fair cross-section of the community, and thus his conviction should be reversed because his Fifth and Sixth Amendment rights, as well as his rights under the Jury Service and Section Act, 28 U.S.C. § 1861, et seq., were violated. Petitioner also maintained he was entitled to a remand for resentencing because his sentence was unlawfully increased based on the unreliable testimony of his cooperating codefendant. The Second Circuit affirmed the judgment of the district court on November 13, 1996. United States v. Rivera, 104 F.3d 354 (2d Cir. 1996), cert. denied, 520 U.S. 1132 (1997).

Within 364 days from the denial of his petition for writ of certiorari petition, Mr. Johnson filed a Motion to Vacate or Set Aside Conviction pursuant to 28 U.S.C. § 2255 in the District Court of Connecticut on March 16, 1998. Five years later, the district court held:

> (1) movant failed to show cause for his procedural default of issues now raised;
>
> (2) excusal of a black woman juror because she did not have a child-care provider for her daughter was within district court's discretion;
>
> (3) government had race neutral explanation for its peremptory strike

2

>of a black juror, thus precluding a Batson challenge;
>
>(4) defendant was not deprived of an impartial jury;
>
>(5) movant was not entitled to relief based on alleged perjured testimony of a key witness;
>
>(6) counsel's decisions not to object to certain evidence and not to call certain witnesses did not amount to ineffective assistance;
>
>(7) government's alleged promise of leniency to alleged coconspirator in exchange for his testimony against defendant did not violate statute making it a crime to give or promise any person anything of value for or because of the person's testimony; and
>
>(8) defendant's sentence was validly imposed.

Johnson v. United States, 307 F. Supp.2d 380 (D. Conn., 2003). Petitioner filed a motion for certificate of appealability on June 25, 2004, which was denied on March 1, 2005. This was followed by a petition for writ of certiorari on August 30, 2005. Pending resolution of his petition, Mr. Johnson filed a Civil Rule 60(b)(6) Motion on September 21, 2005 seeking to "alter or amend" the district court's judgment denying his 28 U.S.C. § 2255 motion. The court ordered petitioner to report the Supreme Court's disposition of his petition and on November 13, 2006, Mr. Johnson notified the district court his petition for writ of certiorari had been denied on January 9, 2006.

On May 30, 2007, the district court denied Mr. Johnson's Rule 60(b) Motion. The court acknowledged petitioner was claiming he was deprived of his Sixth Amendment right to assistance of counsel when he allegedly entered a plea before a state court judge when he was unrepresented. Without granting his request for an evidentiary hearing, however, the district court denied the motion, stating as follows:

>Petitioner received a sentence of 320 months in this court on February 29, 1996, a downward departure from his sentencing guideline range of 360 months to life which was based on an adjusted

3

> offense level of 42 and a criminal history score of III, arising from the state court conviction he now challenges. However, even were that conviction to be discounted, with a criminal history score of I, petitioner's guideline range would still be 360 months to life. He therefore suffered no prejudice.

Johnson v. United States, No. 3:93CR240, 2007 WL 1598109, at *1 (D. Conn. May 30, 2007). Another motion for certificate of appealability was filed by Mr. Johnson on May 13, 2008, which the Second Circuit denied on September 26, 2008. The petition before this court was filed on July 30, 2009.

*Analysis*

Contrary to the District Court of Connecticut's determination that Mr. Johnson suffered no injury, "even were that conviction to be discounted," he maintains he is still suffering collateral consequences from his "uncounseled [state] conviction." He asserts that his custody level in prison is higher because of it, causing him to be assigned to a prison with a higher level of security. It also can be used as "character and impeachment evidence" and it may be used in the future for an "upward departure in any subsequent sentencing under the U.S.S.G's Criminal History Category." (Pet. at 4.) Petitioner seeks removal from his "PSI and any other records" of all references to his prior state conviction which he deems unconstitutional and that he be resentenced in his federal case without any prior consideration being given to his state conviction Mr. Johnson maintains this court has jurisdiction over his petition because it has personal jurisdiction over his custodian.

28 U.S.C. §2241

Courts have uniformly held that claims asserted by federal prisoners seeking to challenge their convictions or imposition of their sentence shall be filed in the sentencing court

4

under 28 U.S.C. § 2255, see Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996); Cabrera v. United States, 972 F.2d 23, 25-26 (2d Cir.1992); Cohen v. United States, 593 F.2d 766, 770 (6th Cir.1979), while claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241. Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998)(citing United States v. Jalili, 925 F.2d 889, 893 (6th Cir. 1991)).

Petitioner previously attempted to challenge his "uncounseled" state conviction through a §2255 motion, as well as a Rule 60(b) Motion to "alter or amend" that decision, without success. The denial of his prior requests does not confer jurisdiction on another district court simply because a prisoner petitioner's custodian is within the court's reach. Section 2255 only provides a safety valve wherein a federal prisoner may bring a § 2241 claim challenging his conviction or imposition of sentence, if it appears that the remedy afforded under § 2255 is "inadequate or ineffective to test the legality of his detention." United States v. Hayman, 342 U.S. 205, 223 (1952); In re Hanserd, 123 F.3d 922, 929 (6th Cir.1997). However, § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision. See e.g., Charles v. Chandler, 180 F.3d 753, 756 (6th Cir.1999) (per curiam). Moreover, the § 2255 remedy is not considered inadequate or ineffective because § 2255 relief has already been denied, see In re Dorsainvil, 119 F.3d 245, 251 (3d Cir.1997), Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.), cert. denied, 488 U.S. 982 (1988).

Without an assertion that his remedy under § 2255 is inadequate or ineffective, as that term is defined by the courts, Mr. Johnson is not entitled to utilize the § 2255's safety valve provision as a means of seeking habeas review under Section 2241. To the extent that Mr. Johnson's

5

Petition may be read, in the alternative, as alleging that the Bureau of Prisons cannot take into consideration his prior state conviction in determining his security classification, he would be raising a challenge to the manner in which his sentence is being executed. A close reading of his Petition does not suggest that this is the claim he seeks to assert. Assuming, however, that his allegations would constitute a § 2241 claim, he would still need to exhaust his administrative remedies through the prison system before pursuing it. Little v. Hopkins, 638 F.2d 953, 953-54 (6th Cir.1981)(federal prisoner must first exhaust his available remedies before filing a § 2241 petition for habeas corpus relief). Clearly, Petitioner has not alleged that he has pursued and exhausted his remedies in the within case.

*Conclusion*

Accordingly, this action is dismissed pursuant to 28 U.S.C. § 2243. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

/S/ SOLOMON OLIVER, JR.
UNITED STATES DISTRICT JUDGE

February 26, 2010